**EXHIBIT 1**

**Frequency of Pay Frequently Asked Questions**

Labor Law Section 191 outlines the frequency by which employees must be paid.

>Manual Workers:  Wages must be paid *weekly* and not later than seven calendar days after the end of the week in which the wages are earned.  Manual workers for *non-profit entities* must be paid in accordance with their agreed terms of employment but not less frequently than semi-monthly.  Large employers of manual workers may apply to the Commissioner of Labor to pay manual workers semi-monthly.

>Railroad Workers:  Wages must be paid on or before Thursday of each week and must include wages earned during the seven-day period ending on the Tuesday of the preceding week.

>Commission Salespersons:  Wages must be paid in accordance with the agreed terms set forth in the written commission agreement but:
>
>- Not less frequently than once in each month
>- Not later than the last day of the month following the month in which the wages are earned
>
> If wages are substantial, additional compensation earned, including extra or incentive earnings, may be paid less frequently than once in each month.

>Executives, Administrators, and Professionals:  Section 191 does not apply to persons employed in a *bona fide* executive, administrative, or professional capacity whose earnings are in excess of $900 a week.

>Clerical or Other Workers:  Wages must be paid in accordance with the agreed terms of employment and not less frequently than semi-monthly.

**Who is covered by Section 191 of the Labor Law?**

All *private sector* employers are covered by Section 191 and the protections apply to *most* employees working for such employers in New York.   Federal, state and local government employers are not covered. Charter schools, private schools, and not-for-profit corporations *are* covered, as they are private entities within the meaning of this provision.

While persons employed in a *bona fide executive, administrative, or professional capacity* who earn in excess of $900 per week are outside of the coverage of Section 191, an employee's status as "exempt" for overtime purposes does not remove him or her from the coverage of Section 191.

1

**Who is a "manual worker"?**

Section 190(4) of the New York State Labor Law defines a "manual worker" as "a mechanic, workingman or laborer." It has been the long-standing interpretation of this Department that individuals who spend more than 25% of working time engaged in "physical labor" fit within the meaning of the term "manual worker." Furthermore, the term "physical labor" has been interpreted broadly to include countless physical tasks performed by employees.

**Who is a "railroad worker"?**

Section 190(4) of the Labor Law defines a "railroad worker" as any person employed by an employer who operates a steam, electric, or diesel surface railroad or is engaged in the sleeping car business. The term "railroad worker" does not include a person employed in an executive capacity. Railroad workers do not include employees of governmental agencies.

**Who is a "commission salesman"?**

A commission salesman or salesperson is defined in Section 190(6) of the Labor Law as any employee whose:

- Principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing
- Earnings are based in whole or in part on commissions

The term "commission salesman" does not include an employee whose principal duties are of a supervisory, managerial, executive, or administrative nature, even if such employee also engage in the sale of goods etc.

**Who is a "person employed in a 'bona fide' executive, administrative, or professional capacity"?**

The definitions set forth in regulation 12 NYCRR §142-2.14 are used to define the terms "executive, administrative, and professional" for purposes of Section 191 of the Labor Law. (*In re Yorke*, PR-07-035 [2008].) However, this regulation does not reflect the statutory earnings threshold in Section 191. Therefore, the $900 earnings threshold contained in Section 191 substitutes for the amounts contained in regulation 12 NYCRR §142-2.14.

Executive

To qualify as a bona fide executive, all of the following tests must be met:

- The Employee's primary duty consists of the management of the enterprise
- The Employee customarily and regularly directs the work of two or more other employees

2

- The Employee has the authority to hire or fire other employees
- The Employee's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees have particular weight
- The Employee customarily and regularly exercises discretionary powers
- The Employee must be paid in excess of $900 per week

<u>Administrative:</u>

To qualify as a bona fide administrative employee, all of the following tests must be met:

- The Employee's primary duty consists of the performance of office or non-manual fieldwork, directly related to management policies or general operations.
- The Employee customarily and regularly exercises discretion and independent judgment.
- The Employee regularly and directly assists an employer, or an employee employed in a bona fide executive or administrative capacity or who performs under general supervision, work along specialized or technical lines requiring special training, experience or knowledge.
- The Employee must be paid in excess of $900 per week.

<u>Professional</u>

To qualify as a bona fide professional employee, all of the following tests must be met:

<u>The employee's primary duty consists of the performance of work that:</u>

- Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from
    - A general academic education
    - An apprenticeship
    - Training in the performance of routine mental, manual, or physical processes
    
    **or**
- Is original and creative in a recognized field of artistic endeavor, and produces a result that depends primarily on the invention, imagination, or talent of the employee

<u>The employee's work:</u>

- Requires the consistent exercise of discretion and judgment in its performance
- Is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical or physical work)

3

- Is of such a character that the output produced or the result accomplished cannot be standardized in relation to a given period of time

<u>The employee must be paid in excess of $900 per week.</u>

**Who is a "clerical or other worker"?**

A "clerical or other worker" under New York State Labor Law is an employee who does not fall under any of the other statutory categories of worker found in the Labor Law. That is, NOT a "manual worker" under Section 190(4), a "railroad worker" under 190(5), a "commission salesman" under 190(6), or an employee employed in a "bona fide executive, administrative or professional capacity."  An employee who fits within any of those other definitions is not a "clerical or other worker."

**Can large employers pay manual workers bi-weekly?**

A company may apply to the Department for permission to pay manual workers bi-weekly if the company:

- Has had an average of 1,000 employees in New York for the three years preceding the application
- Had an average of 3,000 out-of-state employees for the three years preceding the application and an average of 1,000 employees in New York for the year preceding the application

The Department will consider a number of factors dealing with the employer's financial stability and history of compliance under the Labor Law.  Where the manual workers are represented by a labor organization, a permit will not be granted without consent from that organization.

**Can an employer require employees to accept other frequencies of pay?**

Employees cannot be required, as a condition of employment, to accept wages at periods other than those provided in Section 191 of the Labor Law.

**Do partial wage payments satisfy an employer's obligations under Section 191 of the Labor Law?**

Section 191 of the Labor law requires the timely payment *in full* for all hours worked at an employee's agreed-upon rate of pay.

**When are employers required to pay employees whose employment has ended due to termination, retirement, or resignation?**

4

Employees whose employment has ended are entitled to be paid no later than the pay day on which their next pay would have been due had they still been employed.  Upon request of the employee, employers are required to mail the employee his or her wages.  Nothing in the Labor Law prevents an employer from paying a terminated employee his or her wages at:

- The time of termination
- Some other time before the payday on which the wages would have been due

**May employers mail employees their paychecks?**

Nothing in the Labor Law prohibits an employer from mailing an employee his or her paycheck.  However, employees must *receive* their paycheck in the time specified in Section 191, as described above.  Therefore, employers must allow sufficient time for the mail to be delivered to the employee to avoid violations of Section 191.

**Are employers required to issue employees replacement paychecks?**

Employers are required to issue, without charge to the employee, a new paycheck (or otherwise pay wages to the employee) if a previously issued paycheck:

- Was lost
- Is otherwise no longer in the employee's possession

Regardless of the circumstances under which the check was lost, employers are prohibited by Sections 191 and 193 of the Labor Law from charging an employee through wage deduction for:

- Any fees incurred for stopping payment on a check
- The costs incurred for issuing a new check

**What is a "substantial" amount of wages?**

The frequency of pay requirement for commission salespersons permits additional compensation earned, including extra or incentive earnings, to be paid less frequently if the employee's wages are "substantial."  The Department has determined that the term "substantial" should be viewed in accordance with the threshold amount for employees working in a bona fide executive, administrative, or professional capacity.  Currently, the threshold amount is $900 per week.

**What should employers do if an employee dies?**

Section 191 of the Labor Law has been interpreted to required that employers make reasonable efforts pay deceased employee's wages within the time periods specified in that Section.  Reasonable efforts should include the following:

- Contact any emergency contact or next of kin identified in the employee's personnel file
- Attempt to contact any known family or friends of the employee, if other than the emergency contact
- Contact the Surrogate's Court to determine whether estate or probate proceedings have been commenced and an estate administrator identified
- Review obituary notices to locate the widow, widower or other family member of the deceased employee
- Speak with the funeral director handling the deceased's funeral arrangements to either obtain contact information on the deceased's family or to send a message to the family to be in contact with the employer
- Contact insurers on company sponsored life insurance to identify beneficiaries who can be contacted for estate information
- Contact the County Health Department or other entity that issues Death Certificate to find out the identity of the next of kin listed on the Certificate

In addition to these efforts, the employer may certainly undertake any additional efforts designed to identify an appropriate contact.  If, after these efforts, the employer is unable to locate or contact the estate representative or next of kin of the employee, the employer must remit the funds to the Office of the State Comptroller after three years in accordance with the State Abandoned Property Law.