**EXHIBIT 6**

# CHAPTER 548

3d Rdg. 963    Print 5393, 6912, 7072    Intro. 5231

# IN ASSEMBLY

### February 15, 1966

---

Introduced by Mr. RAMOS-LOPEZ—read once and referred to the Committee on Labor and Industries—reported from committee, advanced to a third reading, amended and ordered reprinted, retaining its place on the order of third reading—again amended on third reading, ordered reprinted, retaining its place on the order of third reading and re-engrossed

# AN ACT

## To amend the labor law, in relation to the payment of wages, and to repeal article six of such law

Notes

Compared by

APPROVED

JUN 14 1966.
NEW YORK STATE LIBRARY

Approved

MICROFILMED

Date 3/2/m    3
No. of printed bills    3
No. of exposures    13
exclusive of bills

Digitized by the New York State Library from the Library's collections.

Multiple memorandum received from the
State Comptroller dated ____ 5/26 ____
stating the following bill is of
"No Interest" to the Department of
Audit and Control.

    <u>Intro. No</u>.     <u>Print No.</u>

    A- 5231     7072

The original memorandum filed with: A-564

01

Digitized by the New York State Library from the Library's collections.

#10
(Rev.)
4/21/66

NDUM

AN ACT to amend the labor law, in relation to the payment of
wages, and to repeal article six of such law

## Purpose of bill:

To revise and recodify present provisions relating to the payment of wages.

## Summary of provisions of bill:

The bill repeals the present Article 6 of the Labor Law and substitutes a
new Article 6. While retaining present provisions dealing with when wages
of manual workers, railroad workers and salesmen must be paid, the bill
specifies that wages of white collar workers must be paid at least semi-
monthly. The present law merely provides that wages of white collar workers
must be paid in accordance with the agreed terms of employment.

The bill also clarifies the provisions relating to deductions from
wages, and incorporates a requirement for notices to employees of wages
paid, and a record-keeping requirement.

The bill also incorporates the provisions of Chapter 81 of the Laws of 1966,
which increases from $100 to $200 a week the exemption from the wage payment
law for executive, administrative, and professional employees. Also, the
bill incorporates the provisions of another 1966 bill which deletes the
exemption for employees of non-profit organizations and for domestic
employees. (This pending bill had been passed by both Houses but was
recalled from the Governor for certain amendments. S.I. 1607, Pr. 1652).

## Statements in support of bill:

The wage payment provisions in the Labor Law have been extensively amended
in recent years. As a result, these important provisions are not clearly
set forth so that employers and employees can readily understand them. This
bill reorganizes the provisions and, in addition, incorporates certain
standards contained in the Model Bill prepared by the United States Bureau of
Labor Standards and which are contained in the new New Jersey Law, which was
adopted in September, 1965.

The bill makes the following substantive changes in existing law:

1. The present law contains wage payment provisions for four separate
   categories of workers. The manual worker must be paid weekly within
   seven days after wages are earned; a railroad worker must be paid on
   Thursday of each week the wages earned during the seven-day period
   ending on Tuesday of the preceding week; a salesman must be paid at
   least once a month; and all other workers must be paid in accordance
   with the agreed terms of employment.

   This bill retains the present provisions for manual and railroad
   workers and for salesmen. However, for all other workers the bill
   requires payments not less frequently than semi-monthly. In this
   respect the bill follows both the Model Bill and the New Jersey Law.
   It should be noted, however, that the present exemption of professionals
   and executives is retained.

   The bill deletes the present exemption for non-profit organizations and
   for employers of domestic workers. However, for manual employees of a
   non-profit organization, the bill provides that wages must be paid in
   accordance with the agreed terms of employment but not less frequently
   than semi-monthly.

2

Digitized by the New York State Library from the Library's collections.

#10
(Rev.)
4/21/66

2. The bill writes into the statute the purport of opinions by the courts
and the Attorney General dealing with deductions from wages. These
opinions hold that the prohibition on deductions from wages does not
apply to deductions which are voluntarily authorized by the employees
to pay to a third party for the employee's benefit, such as deductions
for group insurance and charitable contributions.

3. The bill requires an employer to notify the employee of his pay day
and to give each employee a statement showing gross wages, deductions
and net wages. Such a wage statement is now required for employees
covered by a State Minimum Wage Order. This requirement would be
extended by this bill to employees not subject to a State Minimum Wage
Order, such as employees engaged in interstate commerce who are covered
by the Federal minimum wage law.

The bill also provides that, at the request of an employee, the employer
would have to furnish an explanation of how the wages were computed.

The bill clarifies the application of the wage payment provisions for
manual workers. The present law requires weekly payments to an
"employee", and it is necessary to know that employee is defined in
an earlier section of the Labor Law as a laborer, workingman or mechanic.
The bill clearly indicates that weekly payment of wages applies to
manual workers, except those employed by a non-profit organization.

The bill specifically excludes fringe benefits from the term wages.
This is in accord with the holding of the Court of Appeals. (People v.
Vetri, 309 N. Y. 401 /1955/.) In this connection it should be noted
that a 1965 enactment, which will become effective September 1, 1967,
transferred from the Penal Law to the Labor Law the provision making
it a misdemeanor for an employer to fail to pay agreed fringe benefits.
(Chapter 1031, Laws of 1965, transferring Penal Law Section 962-a to
Labor Law.)

The bill specifically provides that nothing in the bill shall justify
non-compliance with the wage assignment law (Article 3-A of the Personal
Property Law) or with any other law relating to deductions from wages.
Under the wage assignment law, an assignment must meet certain specified
requirements, and deductions may not exceed 10 per cent of wages.

Other provisions of existing law, such as cash payment of wages and
the equal pay section are not substantially changed.

Digitized by the New York State Library from the Library's collections.

OFFICE OF

## THE INDUSTRIAL COMMISSIONER

ALBANY

DEPARTMENT OF LABOR

June 3, 1966

ASSEMBLY:    Int. 5231
             Pr.  7072            Introduced by:  Mr. Ramos-Lopez

RECOMMENDATION:    Approval.  The bill was sponsored by the Department of Labor.

STATUTES INVOLVED:          Labor Law, Article 6.

EFFECTIVE DATE:             October 1, 1966.

DISCUSSION:

1. Purpose of bill:

   To revise and recodify the provisions relating to the payment of wages.

2. Summary of provisions of bill:

   The bill repeals the present Article 6 of the Labor Law and substitutes a new
   Article 6.

   The bill makes the following substantive changes in existing law:

   1. The present law contains wage payment provisions for four separate categories
      of workers.  The manual worker must be paid weekly within seven days after wages
      are earned; a railroad worker must be paid on Thursday of each week the wages
      earned during the seven-day period ending on Tuesday of the preceding week; a
      salesman must be paid at least once a month; and all other workers must be paid
      in accordance with the agreed terms of employment.

      This bill retains the present provisions for manual and railroad workers and for
      salesmen.  However, for all other workers the bill requires payments not less
      frequently than semi-monthly.  In this respect the bill follows both the Model
      Bill and New Jersey Law.

      The bill deletes the present exemption for non-profit organizations and for
      employers of domestic workers.  However, for manual employees of a non-profit
      organization, the bill provides that wages must be paid in accordance with the
      agreed terms of employment but not less frequently than semi-monthly.

   2. The bill writes into the statute the purport of opinions by the courts and the
      Attorney General dealing with deductions from wages.  These opinions hold that
      the prohibition on deductions from wages does not apply to deductions which
      are voluntarily authorized by the employees to pay to a third party for the
      employee's benefit, such as deductions for union dues, group insurance and
      charitable contributions.

4

Digitized by the New York State Library from the Library's collections.

DEPARTMENT OF LABOR                           - 2 -                           June 3, 1966

<u>ASSEMBLY</u>:    Int. 5231
                Pr.  7072            Introduced by:  Mr. Ramos-Lopez

3.  The bill requires an employer to notify the employee of his pay day and to
    give each employee a statement showing gross wages, deductions and net wages.
    Such a wage statement is now required for employees covered by a State Minimum
    Wage Order, and would be extended by this bill to employees not subject to a
    State Minimum Wage Order, such as employees engaged in interstate commerce who
    are covered by the Federal minimum wage law.

    The bill also provides that, at the request of an employee, the employer would
    have to furnish an explanation of how the wages were computed.

    The bill clarifies the application of the wage payment provisions for manual
    workers.  The present law requires weekly payments to an "employee", and it is
    necessary to know that employee is defined in an earlier section of the Labor
    Law as a laborer, workingman or mechanic.  The bill clearly indicates that
    weekly payment of wages applies to manual workers, except those employed by a
    non-profit organization.

    The bill specifically excludes fringe benefits from the term wages.  This is in
    accord with the holding of the Court of Appeals.  (<u>People</u> v. <u>Vetri</u>, 309 N. Y. 401
    / 1955 /.)  In this connection it should be noted that a 1965 enactment, which
    will become effective September 1, 1967, transferred from the Penal Law to the
    Labor Law the provision making it a misdemeanor for an employer to fail to pay
    agreed fringe benefits.  (Chapter 1031, Laws of 1965, transferring Penal Law
    Section 962-a to Labor Law.)

    The bill specifically provides that nothing in the bill shall justify non-
    compliance with the wage assignment law (Article 3-A of the Personal Property
    Law) or with any other law relating to deductions from wages.  Under the wage
    assignment law, an assignment must meet certain specified requirements, and
    deductions may not exceed 10 per cent of wages.

    Other provisions of existing law, such as cash payment of wages and the equal
    pay section are not substantially changed.

The bill also incorporates the provisions of Chapter 81 of the Laws of 1966, which
increases from $100 to $200 a week the exemption from the wage payment law for
executive, administrative, and professional employees.  Also, the bill incorporates
the provisions of another 1966 bill which deletes the exemption for employees of
non-profit organizations and for domestic employees.  (This bill was passed by both
Houses and was sent to the Governor on March 26, 1966 for executive action.
S. I. 1607, Pr. 5414).

3.  <u>Prior legislative history</u>:

    As indicated under Item 2 above, two other bills affecting Article 6 of the Labor
    Law were introduced and passed by the current legislature.

    No bill to revise and recodify the entire Article 6 has been previously introduced.
    In 1963 and 1964 the Labor Department sponsored a bill dealing only with deductions
    from wages.  The 1963 bill was passed in the Senate, but did not come out of the
    Assembly Committee (Laverne, S. I. 2347, Pr. 2438).  The 1964 bill reached Third
    Reading in the Senate (Laverne, S. I. 1444, Pr. 4006).

5

Digitized by the New York State Library from the Library's collections.

DEPARTMENT OF LABOR                    - 3 -                         June 3, 1966

ASSEMBLY:    Int. 5231
             Pr.  7072          Introduced by:  Mr. Ramos-Lopez


4.  Known position of others regarding bill:

The bill, in its present amended form, incorporates suggestions made by industry
and labor representatives.  Discussions were held with representatives of
Associated Industries, Commerce and Industry Association, Empire State Chamber of
Commerce, and the New York State Council of Retail Merchants.  The only known
objection of employers relates to the coverage of executives, administrators, and
professionals earning under $200 a week.  This objection is described below under
Item 7.  As to the labor groups, the bill conta.is a specific recommendation of the
State AFL-CIO on deductions for union dues, and the State AFL-CIO has issued a
memorandum in support of this bill.


5.  Budget implications:

Previous memorandums submitted in connection with the two substitute bills described
above amending Article 6 indicate that although the workload of the Division of
Labor Standards would be increased, the extent of such increase is presently
unknown.  Such increased workload would not reach its full impact during this
fiscal year.  Based upon the number of complaints which the Department of Labor
now rejects for lack of jurisdiction but which it would process under this bill,
the services of ten additional investigators may be required.


6.  Arguments in support of bill:

The wage payment provisions in the Labor Law have been extensively amended in
recent years.  As a result, these important provisions are not clearly set forth
so that employers and employees can readily understand them.  This bill reorganizes
the provisions and, in addition, incorporates certain standards contained in the
Model Bill prepared by the United States Bureau of Labor Standards, and which are
contained in the new New Jersey Law, which was adopted in September, 1965.


7.  Arguments in opposition to bill:

In the past two weeks, industry representatives have raised an objection to the
provision in the already enacted L.1966, ch. 81 which is restated in the current bill
and which requires semi-monthly payments to executives, administrators, and pro-
fessionals earning less than $200 a week.  They assert that many large firms have
executives who are paid between $7,500 and $10,000 a year and who are on an "exempt"
payroll, which carries with it certain prestige.  Employees on the"exempt" payroll
are paid on a monthly basis.  In this connection it should be noted that Chapter 81
of the Laws of 1966 increased from $100 to $200 a week the exemption of the wage
paymer: law for executive, administrative, and professional employees.

Also to be noted is that according to a study of clerical salaries by the Commerce
and Industry Association only five per cent of the reporting firms paid wages on a
monthly basis.  The other ninety-five per cent of reporting firms paid on a weekly,
bi-weekly or semi-monthly basis.  (Commerce and Industry Association of New York, Inc.,
Survey of Salaries, Hiring Rates and Office Personnel Practices New York, 21st Annual
Survey of Salaries, June of 1964, page 30:11).


6

Digitized by the New York State Library from the Library's collections.

DEPARTMENT OF LABOR                    - 4 -                        June 3, 1966

ASSEMBLY:      Int. 5231
               Pr.  7072            Introduced by:  Mr. Ramos-Lopez

8.  Reasons for recommendation:

    The wage payment provisions established by this bill compare favorably with those
    of any other state in the nation.  Not only are the rights and obligations of
    employees and employers presented in a clear fashion, but the extension of the
    provisions for the prompt payment of wages, and the requirement for wage statements
    to be given to employees and for record-keeping provide increased wage protection
    to employees of the State.  Developed after extensive conferences with management
    and labor, this bill marks the third recent modernization of Labor Law provisions.
    Previously, in 1962, the child labor standards (Article 4 of the Labor Law) were
    up-dated, and in 1963 the standards governing working hours of minors and women were
    recodified (Article 5).

                              M. P. Catherwood
                              Industrial Commissioner

7

Digitized by the New York State Library from the Library's collections.

10-Day Bill

| | | |
|---|---|---|
| FORM B-201(a)  (9/61) | BUDGET REPORT ON BILLS | Session Year 1966 |

| SENATE | Introduced by: | ASSEMBLY |
|---|---|---|
| Pr: | Mr. Ramos-Lopez | Pr:  7072 |
| Int: | | Int:  5231 |

Law   Labor

Subject and Purpose (Brief Recapitulation) To clarify and revise the present

wage payment provisions in the Labor Law.

Division of the Budget recommendation on the above bill:

Approve: ___X___   Veto: _____   No Objection: _____   No Recommendation: _____

This bill is identical to ( ) very similar to (X)

_____ Labor _____   No. __10__  which
                    (department or agency)

was submitted as a departmental bill this year.  The points made in our earlier
analysis of the departmental bill are still valid and our recommendation is
unchanged.

(If the very similar category is checked, list below the changes contained in the
bill as passed and discuss them to the required extent.)

The amendments to this bill were worked out in conjunction with both
labor and industry.  They primarily:
  1. Reduce the record-keeping requirements for employers. (c4.81)
  2. Conform this proposal to recently enacted legislation (c4.81)

We continue to recommend approval.

Thomas Ray

| | |
|---|---|
| Date: _____ May 27, 1966 _____ | Examiner: _____ |

Digitized by the New York State Library from the Library's collections.

THE ASSOCIATION OF THE BAR
OF THE CITY OF NEW YORK
42 WEST 44TH STREET
NEW YORK 10036

COMMITTEE ON STATE LEGISLATION

ALVIN H. SCHULMAN, CHAIRMAN
200 PARK AVENUE
NEW YORK 10017
TN 7-8900

LEONARD SCHAITMAN, SECRETARY
200 PARK AVENUE
NEW YORK 10017
TN 7-8900

June 3, 1966

Re:   A. Int. 5231, Pr. 5393, 6912, 7072 - Approved

Dear Mr. Douglass:

Answering your inquiry with respect to the above bill, we
wish to inform you that we approve the measure.

The bill, to take effect October 1, 1966, was prepared
under the direction of the New York State Department of Labor
and introduced at its request.  It would repeal Article 6 of
the Labor Law [sections 195 - 199(b)] and substitute therefor
the rearranged, clarified and excellently redrafted substance
of the existing law.  The subject matters of the existing law
and of the bill are principally the following: minimum fre-
quency of wage payments to manual and railroad workers, com-
mission salesmen, clerical and other workers; method of payment
by cash or check; permissible deductions from wage payments by
employers; prohibition of wage differentials based solely on
sex of employees; wage record-keeping requirements of employers;
powers of the Industrial Commissioner with regard to collection
of delinquent wage payments and adjustment of controversies.

The salutary objectives of the existing law are well
codified in this excellent redraft and, consequently we approve
the bill.

Sincerely,

Chairman

Hon. Robert R. Douglass
Executive Chamber
State Capitol
Albany, New York 12224

This letter was prepared by the Association's Committee
on Labor and Social Security Legislation.

Digitized by the New York State Library from the Library's collections.



# NEW YORK STATE AFL-CIO

DE WITT CLINTON HOTEL   •   ALBANY, N. Y. 12201   •   PHONE 436-8516

RAYMOND R. CORBETT
President



LOUIS HOLLANDER
Secretary-Treasurer

## MEMORANDUM

## *WE ENDORSE THIS BILL*

_1966_         S.I. 3187, S.P. 5625,         A.I. 5231, A.P. 7072
                LAVERNE        5724            RAMOS-LOPEZ

### IMPROVEMENTS IN WAGE PAYMENT PROTECTIONS

THIS BILL REVISES AND RECODIFIES THE WAGE PAYMENT ARTICLE OF THE LABOR LAW. THE PRESENT LAW HAS BEEN EXTENSIVELY AMENDED IN RECENT YEARS WITH THE RESULT THAT ITS PROVISIONS ARE NOT READILY UNDERSTANDABLE. THERE IS MERIT IN RECODIFYING AND RESTATING THE ARTICLE.

THE BILL SPECIFIES AND CLARIFIES THE REQUIREMENTS FOR FREQUENCY OF PAYMENTS, DEDUCTIONS FROM WAGES, NOTICE TO EMPLOY-EES OF WAGES PAID, AND NECESSARY RECORD KEEPING.

IN ADDITION, THE BILL INCORPORATES THE PROVISIONS OF THE LAW ENACTED EARLIER THIS YEAR WHICH INCREASES FROM $100 TO $200 A WEEK THE EXEMPTION FOR EXECUTIVE, ADMINISTRATIVE AND PROFES-SIONAL EMPLOYEES, THUS EXTENDING WAGE PAYMENT PROTECTION TO THIS LARGE GROUP OF WORKERS.

THE BILL ALSO INCORPORATES THE PROVISIONS OF ANOTHER BILL PASSED EARLIER THIS YEAR BY WHICH WAGE PAYMENT PROTECTIONS WOULD BE EXTENDED TO DOMESTIC WORKERS AND EMPLOYEES OF NON-PROFIT ORGANIZATIONS.

THESE CHANGES ARE LONG OVERDUE IMPROVEMENTS IN THE LABOR LAW. WE URGE ADOPTION OF THIS MEASURE.

10

Digitized by the New York State Library from the Library's collections.

TO COUNSEL TO THE GOVERNOR

> RE:   ASSEMBLY INT.  5231      , PR.  7072
>
> SENATE INT.              , PR.

This annexed bill does not appear to involve a substantial or unusual legal problem, nor to relate directly to the functions of the Department of Law. Consequently, the bill is returned without comment. If there is some particular aspect of the bill upon which you wish to comment, please advise me.

Dated:  June 1, 1966

> LOUIS J. LEFKOWITZ
> Attorney General

11

Digitized by the New York State Library from the Library's collections.