**EXHIBIT 7**

APPROVAL # 6

CHAPTER 310

3rd Rdg. 902      Print 5623, 6569      Intro. 5337

# IN ASSEMBLY

### February 21, 1967

Introduced by Mr. F. A. CARROLL—read once and referred to the Committee on Labor and Industries—reported from committee, advanced to a third reading, amended and ordered reprinted, retaining its place on the order of third reading

# AN ACT

To amend the labor law, in relation to damages for failure to pay wages and minimum wages

*Page 2 line 11. Print & Engrossed read "underpayments,"*
*Law reads "underpayment"*

Compared by _Marshall_ _____

Approved  APPROVED APR 18 1967

NEW YORK STATE LIBRARY

MICROFILMED
Date 1/17/77
No. of printed bills ........ 2
No. of exposures ........ 16
exclusive of bills

Digitized by the New York State Library from the Library's collections

PRINT NO. A 6569     INTRO. NO. A 5339    3/30/67

| Department & Agencies | Legal Groups |
|---|---|
| ✓ Lt. Governor | ___ Judicial Conf |
| ✓ Attorney General ✓ | ___ Law Revision Comm. |
| ✓ Budget | ✓ Assoc. of the Bar, NYC |
| ✓ Comptroller | ✓ N.Y. Co. Lawyers |
| ✓ Mr. Marshall | ___ N.Y. State Bar |
|  | ___ Nassau County Bar |
| ___ Ag. & Markets | ___ N.Y. Crim. Cts. Assoc. |
| ___ Banking | ___ D. A. Assoc. |
| ___ Civil Service | ___ Magistrates Assoc. |
| ___ Commerce | ___ Co. Judges Assoc. |
| ___ Conservation | ___ Surrogates Assoc. |
| ___ Correction |  |
| ___ Education |  |
| ___ Health |  |
| ✓ Insurance | **Municipal Officials & Groups** |
| ✓ Labor |  |
| ___ Mental Hygiene | ___ Mayor of _____ |
| ___ Motor Vehicles |  |
| ___ Public Service Comm. |  |
| ___ Public Works |  |
| ___ Social Welfare | ___ Co. Bd. of Supervisors |
| ___ State |  |
| ___ Tax & Finance |  |
|  |  |
| ___ Atomic Energy | ___ Town Supervisor of ___ |
| ___ Civil Defense |  |
| ___ General Services |  |
| ___ Housing |  |
| ___ Investigation |  |
| ___ Liquor Auth. |  |
| ___ Local Gov't | ___ Co. Atty. of _____ |
| ___ Mil. & Naval Aff. |  |
| ___ Parole |  |
| ___ Regional Development |  |
| ___ State Rent Comm. | ___ Conf. of Mayors |
| ___ St. Comm. For Human Rights | ___ County Officers' Assoc. |
| ___ St. Police | ___ Association of Towns |
| ___ State Univ. |  |
| ___ Transportation |  |
| ___ Veterans Aff. | AFL-CIO ✓ |
| ___ Youth Div. | *[handwritten notes]* |
|  | Comm + *[illegible]* |
|  | Empire State C. of C. |
| ___ Advisory Council on | Ass. of Retailers (Albany) |
|  |  |
| ___ Joint Legis. Comm. on | Sponsors |
|  |  |
| ___ Temporary State Comm. on |  |

Digitized by the New York State Library from the Library's collections.

Multiple memorandum received from the State Comptroller dated _4/4/47_ stating the following bill is of "No Interest" to the Department of Audit and Control.

    Intro No.        Print No.

    A5337         A6549

The original memorandum filed with:

                        A-264

Digitized by the New York State Library from the Library's collections.



**THE ASSEMBLY
STATE OF NEW YORK
ALBANY**

FRANK A. CARROLL
133RD DISTRICT
MONROE COUNTY

Honorable Robert R. Douglass
Executive Chamber
State Capitol
Albany, New York  12224

Dear Mr. Douglass:

Attached please find supporting memorandum for Assembly Print 6569, Intro 5337, the Governor's Program Bill.

Your consideration is appreciated.

Very truly yours,

*Frank A. Carroll*

Frank A. Carroll

March 31, 1967

FAC/pc

Digitized by the New York State Library from the Library's collections.

GOVERNOR'S PROGRAM BILL

S. Int. 3420

A. Int. 5337

# MEMORANDUM

RE: AN ACT to amend the labor law, in relation to damages for failure to pay wages and minimum wages

## Purpose of the Bill:

This bill would amend the labor law to require an employer to pay liquidated damages for willful violations of the wage payment and minimum wage laws, thereby improving compliance with such laws.

## Summary of Provisions of the Bill:

This bill would allow an employee who is successful in a suit against his employer on a wage claim to recover in certain cases, in addition to his claim, and the limited costs which are allowed, an additional amount as liquidated damages of 25% of the amount found to be due.

## Statement in Support of the Bill:

Under present New York law, an employee suing his employer on a wage claim is limited in his recovery to the amount of the claim plus costs, which may not exceed $50. This rule applies both to non-payment of wages and under-payment of wages.

The imposition of stronger sanctions against an employer for willful failure to pay wages or to pay the minimum wage, should result in greater compliance with the law. The imposition of liquidated damages will also compensate the employee for the loss of the use of the money to which he was entitled.

OFFICE OF

# THE INDUSTRIAL COMMISSIONER

ALBANY

DEPARTMENT OF LABOR                                                    April 5, 1967

ASSEMBLY:         A.I.  5337
                  Pr.   6569          Introduced by: Mr. F. A. Carroll

RECOMMENDATION:   Approval. This bill is part of the Governor's program.

STATUTES INVOLVED: Labor Law Section 198, Subdivision 1-a (New).

EFFECTIVE DATE:   October 1, 1967.

DISCUSSION:

1. Purpose of bill:

   To assist the enforcement of the wage payment and minimum wage payment laws by imposing greater sanctions on employers for violation of those laws.

2. Summary of provisions of bill:

   An employee now suing an employer on a wage claim is limited in his recovery to the amount of the claim plus costs (not to exceed $50). Likewise, an employee now suing an employer who has failed to pay him the minimum wage is limited in his recovery to the amount of such underpayment.

   This bill allows recovery by the employee or by the Industrial Commissioner on behalf of the employee of an additional amount as liquidated damages of 25% of the amount found to be due.

3. Prior legislative history:

   This bill has not been introduced previously.

4. Known position of others respecting bill:

   This bill is supported by the State AFL-CIO.

5. Budget implications:

   None.

6. Arguments in support of bill:

   The absence of any interest provisions in connection with collection of back wages under the State Minimum Wage Law encourages some few employers to violate the statute in the expectation that if they are caught, their sole obligation will be to pay the back wages without interest. In any event, they will have had the free use of their employees' money for some time and their employees will have been seriously inconvenienced. The calculation of interest on the money due would be difficult as it would have accrued in small amounts week-by-week. This bill follows the example of the Federal Fair Labor Standards Act in providing an easily-calculable formula for liquidated damages.

4

ASSEMBLY:  A.I.  5337
           Pr.   6569                Introduced by: Mr. F. A. Carroll

7. Arguments in opposition to the bill:

   Some persons may claim that the imposition of liquidated damages is unreasonable, that in some cases there are honest differences of opinion as to the amounts owed to employees and that employees should not be penalized because of such differences of opinion.

8. Reason for recommendation:

   The imposition of stronger sanctions against an employer for his failure to pay wages and for his failure to pay the minimum wage will result in greater compliance by the employer and will render enforcement easier by the Department. It will also compensate the employee for the loss of the use of the money when it was due to him.

   _____
                           M. P. Catherwood
                           Industrial Commissioner

5

Digitized by the New York State Library from the Library's collections.

```
B-201 (7/63)                    30-Day Bill
                            BUDGET REPORT ON BILLS              Session Year: 1967
```

| SENATE | Introduced by: | ASSEMBLY |
|---|---|---|
| Pr: | Mr. Carroll | Pr: 6569 |
| Int: |  | Int: 5337 |
| Law: Labor | Sections: 198(1-a)(new), 663(1 and 2) | |

Division of the Budget recommendation on the above bill·

Approve: __X__  Veto: _____  No Objection: _____  No Recommendation: _____

1-2. **Subject, and Purpose: and Summary of provisions:** To impose a penalty on the employer (25 per cent of unpaid wages) when an employee wins a suit for unpaid wages or wages below the minimum.

3. **Prior legislative history:** This is new legislation.

4. **Arguments in support:**

    (a) This seems a reasonable penalty and one which should both improve compliance with the law and repay the worker for a good deal of anguish, time and money consumed in fighting such a case.

    (b) Under Federal law, an employer who fails to pay the minimum wage or prescribed overtime faces an additional financial penalty amounting to 100 per cent of unpaid wages, so that this proposal is a modest one when compared to existing Federal provisions.

    (c) This bill is part of the Governor's package intended to carry out his pledge made in the Annual Message to seek improvements in worker protection programs.

5. **Possible objections:** None known.

6. **Other State agencies interested:** Both the Department of Labor and the Commerce Department would be interested in this bill.

7. **Other organizations interested:** None known.

8. **Budget implications:** None.

9. **Recommendation:** The Division of the Budget recommends approval of this bill.

Date: April 6, 1967    Examiner: _Walter Kicinski_
WK:bs                               Walter Kicinski
Disposition:         Chapter No:    Veto No.

Digitized by the New York State Library from the Library's collections.

PRESIDENT
MARK F. HUGHES

VICE-PRESIDENTS
JAMES V. HAYES
LAWRENCE E. WALSH
BORIS KOSTELANETZ

SECRETARY
THOMAS KEOGH

TREASURER
RUTH LEWINSON

EXECUTIVE DIRECTOR
JOSEPH L. MAGED

14 VESEY STREET — FACING ST. PAUL'S
NEW YORK, N. Y. 10007

CORTLANDT 7-6646

Reply to:
Seymour W. Miller, Esq.
400 Madison Avenue
New York, N.Y. 10017
Plaza 2-0350

March 31, 1967

Hon. Nelson A. Rockefeller
Executive Chamber
Albany, N.Y. 12224

My dear Sir:

The Committee on Labor Relations of the New York County Lawyers' Association has approved the following bill and believes that it should become law:

S. Int. 3420-A

A copy of a report recommending approval is enclosed.

Very truly yours,

DAVID B. LE SCHACK

Chairman, Committee on State Legislation

7

Digitized by the New York State Library from the Library's collections.

INTRODUCED BY SENATOR LAVERNE
INTRODUCED BY ASSEMBLYMAN P. CARROLL

March 27, 1967    Report No. 223    S. Int. 3420-A
    Same as A. Int. 5337

NEW YORK COUNTY LAWYERS' ASSOCIATION
14 Vesey Street - New York 10007

Report of Committee on Labor Relations on Senate Bill Int. 3420-A, same as Assembly Bill Int. 5337, which seeks to amend, by Section 1, Section 198 of the Labor Law by adding, in suits by employees or the Industrial Commissioner for unpaid wages, an award of attorney's fee plus, where willful, liquidated damages of 25% of the wages found due. Also seeks to amend, by Section 2, Section 663 of the Labor Law by adding, in suits by employees or the Industrial Commissioner to recover underpayments of wages in violation of State Minimum wages or wage orders, where willful, liquidated damages of 25% of the amount found underpaid.

RECOMMENDATION: APPROVAL OF SECTION 2

Section 2 of the bill refers to Article 19 of the Labor Law, the Minimum Wage Act, and specifically, to Section 663 thereof. That section allows a civil suit for underpayment of State minimum wages and minimum wage orders by employees directly and by the Industrial Commissioner.

Present Section 663 allows recovery of the underpayment, ordinary costs, and, in the case of suit by the employee (although not in the Industrial Commissioner's suit), "such reasonable attorney's fee as may be allowed by the court * * * ". Section 2 of the bill proposes to add, both to employee and Commissioner suits, an additional award of 25% of the underpayment _if_ the underpayment be willful.

The present law is poorly drafted in that the permissive "may" is used in connection with employee suits, while the mandatory "require" is used in the Commissioner's. Thus, while the Commissioner "may" bring a suit in which "the employer shall be required to pay the costs", and, per the amendment, 25% of liquidated damages if willful, the employee "may recover * * *" the underpayment, "costs and * * * such reasonable attorney's fees as may be allowed" plus, per the amendment and still grammatically predicated on the "may recover" the 25% liquidated damages for willfulness. However there is little doubt, practically speaking, that a suing employee is entitled to the underpayment and his statutory costs as of right, while the allowance and the amount of reasonable attorney's fees are discretionary with the court. In that practical context, the amendment's addition of 25% liquidated damages is mandatory in amount and dependent only on a finding of willfulness by the trier of the fact. Also, it should be noted that the proposed amendment leaves unchanged the absence of expense money, and of attorney's fees in Commissioner's cases.

8

Digitized by the New York State Library from the Library's collections.

Page 2 - Report No. 223

The category of workers to whom these remedies are directed are notoriously low paid, and, the remedies, even as improved by the proposal, do not approach the potential of the remedies of the analogous Federal Minimum Wage Act which allows up to 100% of liquidated damages. Furthermore, in Section 2 of the instant proposed legislation, a strong statutory policy is sought to be vindicated, transcending the private contractual basis of Section 1 of the bill.

Section 2 of the proposed Act therefore ought to be enacted.

The Committee takes no position with respect to Section 1 of this Bill.

                Respectfully submitted,

                COMMITTEE ON LABOR RELATIONS

                Seymour W. Miller, Chairman

Report prepared for
the Committee by
MR. MILTON HOROWITZ

Digitized by the New York State Library from the Library's collections.

REPORT NO.    164

A 5337  1967

A. Int. 5337                    A. Pr. 5623, 6569  By:  Mr. F.A. Carroll

Effective Date:  October 1, 1967

AN ACT to amend the labor law in relation to damages for failure to pay wages and minimum wages.

Law and Section referred to:    Labor Law
                                Sections 198, 663
                                Subdivisions 1 and 2

THIS BILL IS APPROVED

This bill, which passed the legislature on March 29, 1967, amends Section 198 of the labor law by providing that where an employee or the industrial commissioner is successful in an action for failure to pay wages the court shall allow reasonable attorney's fees against the employer. If the failure to pay wages was willful, 25% of the wages due as liquidated damages shall also be allowed. The bill also amends Section 663 of the labor law to provide that a willful failure to pay proper wages under the New York State minimum wage law may result in an award of 25% of the underpayment as liquidated damages upon suit by the employee or the industrial commissioner.

A failure or refusal to pay any employee his wages and to put him to the trouble of hiring an attorney to pursue the payment of wages or to impose upon the public to pursue this type of claim through the courts is action that can only merit public condemnation. Accordingly, requiring such an employer to pay all attorney's fees resulting from the successful prosecution of such a wage claim is entirely reasonable. Furthermore, a willful failure to comply with the State minimum wage law would also appear to be unreasonable conduc An award of 25% of underpayment as liquidated damages is minimal considering the fact that a similar violation under the Federal wage and hour law will lead to recovery of an amount equal to the unpaid wages as liquidated damages. A proper safeguard is present in that the 25% of the underpayment of liquidated damages only can result where there is a willful failure to pay the proper wages.

For the above reasons, this bill is APPROVED.

REPORT PREPARED BY THE COMMITTEE ON LABOR LAW.

Scrivener  Robert C. Isaacs

NOTE:  Opinions expressed are those of the above named committee and not those of the Association unless expressly so stated.

C-171

**10**

Digitized by the New York State Library from the Library's collections.

 # NEW YORK STATE AFL-CIO

DE WITT CLINTON HOTEL • ALBANY, N. Y. 12201 • PHONE 436-8516

RAYMOND R. CORBETT
President



LOUIS HOLLANDER
Secretary-Treasurer

## MEMORANDUM

## WE ENDORSE THIS BILL

1967      S.I.3420-A            A.I.5337
          LAVERNE               F. CARROLL

### Increased Penalties for Violations of Wage Payment Laws

This bill provides for payment of damages for failure to pay wages or to pay the minimum wage as required by the labor law.

In cases of an action on a claim by an employee for non-payment of wages in which the employee prevails, the bill allows the employee reasonable attorney's fees, and if it is found that the employer's failure to pay the required wage was willful, liquidated damages are assessed in the amount of 25% of the total of wages found to be due.

A similar provision for liquidated damages is also included in the bill in cases of willful failure to pay the minimum wage.

The bill would establish one more safeguard to assure employees of proper payment of wages under the law and would thus be a deterrent against abuses and violations.

The State AFL-CIO urges enactment of this measure.

11

Digitized by the New York State Library from the Library's collections.

30 LODGE STREET, ALBANY, NEW YORK 12207  •  AREA CODE 518  HObart 5-3547

# Associated Industries of New York State, Inc.





FOUNDED IN 1914

April 17, 1967

Honorable Robert R. Douglass
Counsel to the Governor
Executive Chamber
The Capitol
Albany, N. Y.     12224

Dear Mr. Douglass:

    Re:   Assembly Intro. 5357, Pr. 6569 (F. Carroll)

We have no comments to offer concerning this bill, which provides payment of reasonable attorney's fees and liquidated damages in connection with non-payment of wages.

Sincerely,

Joseph R. Shaw
President

JRS:mmw

12

TO COUNSEL TO THE GOVERNOR

      RE:    ASSEMBLY INT. 5337   , PR. 6569

            SENATE

This annexed bill does not appear to involve a substantial or unusual legal problem, nor to relate directly to the functions of the Department of Law. Consequently, the bill is returned without comment. If there is some particular aspect of the bill upon which you wish to comment, please advise me.

Dated: April 4, 1967

                                    LOUIS J. LEFKOWITZ
                                      Attorney General

13

Digitized by the New York State Library from the Library's collections.



STATE OF NEW YORK
EXECUTIVE CHAMBER
ALBANY

APR 18 1967

MEMORANDUM filed with Assembly Bill, Introductory Number 5337, Print Number 6569, entitled:

"AN ACT to amend the labor law, in relation to damages for failure to pay wages and minimum wages"

A P P R O V E D

This bill, which is part of my 1967 Legislative Program, amends the Labor Law to require an employer to pay liquidated damages for willful violations of the wage payment and minimum wage laws.

The bill will allow an employee who is successful in a legal action against his employer on a wage claim to recover in certain cases, in addition to his claim and limited costs which are presently allowed, an additional amount as liquidated damages of 25 per cent of the amount found to be due.

The imposition of this stronger sanction against an employer for willful failure to pay wages or to pay the minimum wage should result in greater compliance with the law. The imposition of liquidated damages will also compensate the employee for the loss of the use of the money to which he was entitled.

The bill is approved.

(Signed)   Nelson A. Rockefeller

14

Digitized by the New York State Library from the Library's collections.