UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KIARA PERALTA and NAHOMI DAVID,
individually and on behalf of all others
similarly situated,

                                **Plaintiffs,**

            -against-

                                                           22-CV-04864 (ALC)

CLAIRE'S BOUTIQUES, INC.,

                                **Defendant.**
------------------------------------------------------------------------X

## DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (DOCKET NO. 25)

Defendant Claire's Boutiques, Inc. ("Claire's") respectfully responds to the "Notice of Supplemental Authority" submitted yesterday by Plaintiffs (Docket No. 25). Not surprisingly, Plaintiffs offer the non-controlling Western District of New York decision solely for its holding. Nevertheless, Claire's notes the following with respect to that decision in *Rath v. Jo-Ann Stores, LLC,* 2022 WL 17324842 (W.D.N.Y. Nov. 29, 2022):

- ➢ The *Rath* decision did not address the standing argument presented by Claire's in the instant case. 2022 WL 17324842 at *1 ("Defendant does not now challenge Plaintiff's standing.").

- ➢ While the *Rath* decision discussed the First Department's 2019 *Vega* decision as a state appellate decision on the issue, the *Rath* decision does not refer to nor address the state appellate decision from the other Department (*i.e.,* the Second Department) issued twenty days prior to *Rath*. *Gutierrez v. Bactolac Pharmaceutical, Inc.,* 2022 WL 16826781, *2 (2d Dep't Nov. 9, 2022). As noted in Claire's reply brief (at 10), the Second Department in *Gutierrez* departed from the First Department in *Vega* and held that frequency of pay is <u>not</u> the same as "unpaid wages," and therefore there is no private right of action under Labor Law §191.

> ➤ While the *Rath* decision drew a conclusion that the New York Court of Appeals would likely find that Labor Law §191 confers a private right of action for frequency-of-pay claims, its reasoning is not persuasive and Claire's respectfully submits that this Court should instead consider and accept its analysis of the Court of Appeals' 2022 decision in *Konkur v. Utica Academy of Science Charter Sch.,* 38 N.Y.3d 38, 165 N.Y.S.3d 1 (2022) as contained in Claire's moving brief (at 16-17) and Claire's reply brief (at 8-9).

Dated: New York, New York
November 30, 2022

                                        Respectfully submitted,

                                        COZEN O'CONNOR
                                        *Attorneys for Defendant*

By:   _____
            Michael C. Schmidt (MS7841)
            3 World Trade Center
            175 Greenwich Street – 55th Floor
            New York, New York 10007
            (212) 453-3937